# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH A. CARSON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY WETZEL, et al, )<br>Defendants. ) | Civil Action No. 17-73ERIE<br><br><br><br>Magistrate Judge Baxter |

## MEMORANDUM OPINION

Plaintiff, acting *pro se*[1], filed a motion seeking a temporary restraining order or preliminary injunction. ECF No. 28. This Court conducted an evidentiary hearing on Plaintiff's motion on August 9, 2017, and, at the conclusion of the hearing, issued a verbal Report and Recommendation recommending that the motion be denied.

At the time of the hearing the case had been erroneously assigned to a District Judge by the Clerk of Courts. Later in the day, the Clerk's office reassigned the case to the undersigned as all parties had voluntarily consented to the jurisdiction of a Magistrate Judge. See 28 U.S.C. § 636(c)(1).

Accordingly, I make the following order, which is an adaptation of my earlier Report and Recommendation, on Plaintiff's motion for temporary restraining order:

> Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

1

1566, 1568 (Fed.Cir.1993). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010).

As a court sitting in equity, the district court must weigh the four factors, but a movant must prevail on at least two of the factors. Those factors are, at a minimum, a likelihood of success on the merits; and, second, that they would face irreparable harm in the absence of an injunction. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989).

In this case I do not find that either factor, of those two required factors, is supported by the testimony of Mr. Carson.

First, it was an event that occurred in the past that may at some point may support a future claim, but that does not support an extraordinary remedy of injunctive relief. Plaintiff was able to be seen by medical professionals following the event, and there is no evidence of any irreparable harm imminent or ensuing. Second, there does not appear to be a substantial likelihood of success on the merits

because the beginning of the incident was an argument between the Plaintiff and the officer where restoring order takes precedence.

IT IS HEREBY ORDERED, this 18th day of October, 2017, that Plaintiff's motion for temporary restraining order [ECF No. 28] be denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge