# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH A. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-73 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY WETZEL, et al., | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Kenneth A. Carson ("Plaintiff"), an inmate at the State Correctional Institution at Mercer ("SCI-Mercer"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2017. ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted on April 5, 2017, and his Complaint was docketed the same day. ECF Nos. 2, 3. His Amended Complaint, filed on June 25, 2018, asserts multiple claims including excessive force, cruel and unusual punishment, denial of medical care, and medical negligence. ECF No. 55.

Presently pending before the Court is a partial motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Barry Eisenberg, D.O. ("Eisenberg") and Lisa Zupsic, CRNP ("Zupsic"). ECF No. 29. For the reasons set forth below, Defendants' motion will be granted.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. See ECF Nos. 9, 33.

I.      **Factual Background**

In his Amended Complaint, Plaintiff alleges that he was in his cell on January 5, 2016, when he "blacked out" during a block search. ECF No. 55 ¶ 21. When he awoke, his right hand was bleeding and he had blood on his shirt. Id. ¶ 24. He was taken to Eisenberg for evaluation. Id. ¶ 25. For unknown reasons, several unknown correctional officers grabbed him while he was talking to Eisenberg and "brutally attacked and assaulted Plaintiff" by slamming his face into the floor. Id. ¶ 26. Despite that Plaintiff was not struggling, one or more of the unknown correctional officers twisted Plaintiff's arm with tremendous pressure until his hand broke. Id. ¶ 28. Plaintiff was then placed in restraints, including handcuffs, a restraining chair, and a "spittle mask" and left there for over an hour. Id. ¶¶ 29, 35.

The following day, Plaintiff's hand was swollen to the size of a boxing glove and could not be curled into a fist. Id. ¶¶ 47-48. Eisenberg examined Plaintiff's hand but declined to provide him with an x-ray. Id. ¶ 46, 50-51. Plaintiff complained of hand pain to medical staff on several occasions over the following two days but was ignored. Id. ¶¶ 52-53.

Zupsic examined Plaintiff's hand on January 13, 2015, and determined that it was swollen, tender, and had a small abrasion. Id. ¶¶ 54-55. Zupsic provided Plaintiff with Motrin and performed an x-ray. Id. The following day, another defendant, Kim Smith, examined the x-ray and noticed a fracture. Id. ¶ 59. Plaintiff was eventually transferred to Kane Medical Hospital on January 25, 2016, where an orthopedic surgeon recommended surgery. Id. ¶ 69. Two days later, Plaintiff had three pins inserted into his hand to stabilize the bones in his ring and pinky fingers. Id. ¶ 70. At a follow up appointment on August 12, 2016, Plaintiff was informed that he would suffer from nerve damage and arthritis in that hand for the rest of his life. Id. ¶ 73.

On July 16, 2018, Eisenberg and Zupsic filed the instant partial motion to dismiss. ECF No. 58. Despite requesting and receiving an extension of time in which to file a brief in opposition to Defendants' motion, Plaintiff failed to file any response. As such, this matter is fully briefed and ripe for disposition.

## II. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### 2. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Pennsylvania, 577 F.3d

521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounded on the Twombly/Iqbal line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III.** **Analysis**

Based on the incidents described above, Plaintiff contends that various prison officials and employees violated his constitutional rights as secured by the "Fourth, Fifth, Eighth and Fourteenth Amendments." ECF No. 55 ¶¶ 83, 85, 88-89. Plaintiff also appears to assert a state law claim for medical negligence. Id. ¶ 86. The moving Defendants, Eisenberg and Zepsic, concede that Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need should be analyzed on a more fully developed record at summary judgment. ECF No. 59 at 2. They contend, however, that Plaintiff's remaining claims must be dismissed for failure to state a claim. Each will be addressed in turn.

### A. Fourth Amendment

In scatter-shot fashion, several of the causes of action listed in Plaintiff's Amended Complaint include a reference to the Fourth Amendment. In pertinent part, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .". U.S. Const. Amend. IV. Needless to say, Eisenberg and Zupsic's limited interactions with Plaintiff for purposes of diagnosing and treating his injured hand cannot, under any set of facts, be construed as an illegal search or seizure. As such, Plaintiff's Fourth Amendment claim against them must be dismissed.

### B. Fifth Amendment

Plaintiff next invokes the Fifth Amendment, apparently based upon a perceived violation of his due process rights. However, it is axiomatic that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action . . ." Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983). There is no dispute that Eisenberg and Zupsic are not federal actors. Consequently, Plaintiff cannot maintain a Fifth Amendment claim against them pursuant to Section 1983. See, e.g., Leventry v. Watts, 2007 WL 1469038, at *2 (W.D. Pa. May 17, 2007) ("[T]he Fifth Amendment restricts the actions of federal officials, not state actors."); Kopchinski v. Green, 2006 WL 2228864, at *1 (E.D. Pa. Aug. 2, 2006) (dismissing plaintiff's Fifth Amendment claims because all of the defendants were state actors).

### C. Fourteenth Amendment

Plaintiff next appears to suggest that the provision of inadequate medical treatment violated his Fourteenth Amendment equal protection rights.[2] The only allegation Plaintiff makes with respect to this claim is the conclusory averment that medical personnel "deliberately treated Plaintiff differently because of his mental instability, race and weight." ECF No. 55 ¶ 86. Plaintiff has not pleaded any facts to support this averment; indeed, he has failed to even articulate his race, weight, or the name or nature of the mental impairment that he allegedly suffers from.

To establish an equal protection claim, Plaintiff must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." Mack v. Warden Loretto FCI, 839 F.3d 286 (3d Cir 2016) (citing Hassan v. City of New York, 804 F.3d 277, 294 (3d Cir. 2015)). Plaintiff has failed to satisfy either element. As noted above, Plaintiff has not identified any protected class that he is a member of. Nor does he allege that other similarly situated inmates were treated differently when receiving medical treatment from Eisenberg or Zupsic. Plaintiff's attempt to state an equal protection claim by simply naming the Fourteenth Amendment is devoid of factual support and must be rejected.

### D. Medical Negligence

Finally, Plaintiff appears to assert a claim of medical malpractice under Pennsylvania state law. Defendants contend that this claim should be dismissed because of Plaintiff's failure to file a certificate of merit within 60 days of the filing of his initial complaint.

---

[2] Although Plaintiff also references the Due Process Clause, it appears that this cause of action is directed towards prison staff rather than medical staff. Even if this was not Plaintiff's intent, there is no factual or legal basis to support a due process claim against Eisenberg or Zupsic based on their alleged misdiagnosis of his injury.

7

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires a plaintiff in a medical malpractice action to file a certificate of merit with the complaint, or within 60 days after the filing thereof, attesting that there is a reasonable probability that the medical care described in the complaint fell outside of acceptable professional standards. The Third Circuit has held that Rule 1042.3 is substantive law that must be applied by federal courts under Erie R.R. v. Thompkins, 304 U.S. 64 (1983). See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-64 (3d Cir. 2011). Thus, for purposes of a motion to dismiss, the Pennsylvania certificate of merit rule is applied as "controlling, substantive state law." Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 509-10 (E.D. Pa. 2004).

"[A] plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim." Bennett v. PrimeCare Medical, Inc., 2018 WL 6072126, at *10 (M.D. Pa. Sept. 14, 2018). However, "Pennsylvania practice expressly provides plaintiffs with notice of Rule 1042.3's requirements and an opportunity to cure any failure to file a certificate of merit before a matter is dismissed." TranSystems Corp. v. Hughes Associates, Inc., 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24, 2014). Under Pennsylvania Rule 1042.6:

> (a) ... a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

Pa. R. Civ. P. 1042.6(a). No judgment can be entered against a plaintiff for failure to timely file a certificate of merit until the defendant has complied with the notice requirements of Rule 1042.6(a). Pa. R. Civ. P. 1042.7(a)(4); Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015) ("The condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the [certificate of merit] regime is substantive and must be applied in federal court.").

8

In the instant case, Defendants provided Plaintiff with the requisite notice on July 26, 2017. See ECF No. 59-1. Over eighteen months later, Plaintiff has still not filed the required certificate. Under such circumstances, dismissal is appropriate. Bennett, 2018 WL 6072126, at *10.

V.  **CONCLUSION**

For all of the foregoing reasons, Defendants' partial motion to dismiss (ECF No. 58) is GRANTED. Plaintiff's claims against Eisenberg and Zupsic pursuant to the Fourth, Fifth, and Fourteenth Amendments, as well as his state law claim for medical negligence, are each dismissed, with prejudice.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: February 28, 2019